IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARTT KENDRICK MIGHELL, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:04-CV-0798-Y |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| RESPONDENT. | § | |

AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United

States District Court for the Northern District of Texas.  The Amended Findings, Conclusions and

Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.    NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.    PARTIES

Petitioner Bartt Kendrick Mighell is in the custody of the Texas Department of Criminal

Justice, Institutional Division (TDCJ-ID),  TDCJ-ID #1075645, and is presently incarcerated in a

pre-parole release facility in Mineral Wells, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice,

Institutional Division.

C.    PROCEDURAL HISTORY

Mighell was convicted of felony driving while intoxicated and sentenced to six years' confinement. Mighell does not challenge his underlying conviction. He challenges the decisions of the Texas Board of Pardons and Paroles ("the Board") that have denied him release to mandatory supervision each time his case has come up for review.

Mighell's first state habeas application was denied by the Texas Court of Criminal Appeals without written order on June 30, 2004. *Ex parte Mighell*, Application No. 59,378-01 at cover (Tex. Crim. App. June 30, 2004). Mighell filed his federal petition for writ of habeas corpus on October 9, 2004, but this action was stayed and administratively closed by order entered September 13, 2005 to allow Mighell an opportunity to exhaust his state court remedies. *See Mighell v. Dretke*, No. 4:05-CV-798-Y (N.D. Tex. Sept. 13, 2005)(Order Staying and Administratively Closing Case and Holding It In Abeyance Pending Exhaustion of Claims). Mighell thereafter returned to state court and pursued a second state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order on findings of the trial court without a hearing. *Ex parte Mighell*, Application No. 59,378-02 at cover (Tex. Crim. App. June 21, 2006).

Mighell filed his amended federal petition for writ of habeas corpus on July 13, 2006. Thereafter, the district court lifted the stay, reopened the case, and re-referred this matter to the magistrate judge for further proceedings and the preparation of amended or supplemental finding, conclusions, and recommendation. *See Mighell v. Dretke*, No. 4:05-CV-798-Y (N.D. Tex. July 19, 2006). Respondent has complied with the court's order to file an amended answer, and Mighell has been given the opportunity to file a reply brief.

D.      ISSUES

Mighell alleges the following grounds for relief:

1.      He was denied mandatory supervision release without due process;

2.      His work-time credits have been improperly taken away from him;

3.      The forfeiture of his accrued time credits has extended his sentence in violation of

the prohibition against double jeopardy; and

4.      His good time was forfeited or rendered worthless without cause.

E.      RULE 5 STATEMENT

Respondent agrees that Petitioner has sufficiently exhausted available state remedies on the

issues presented.

F.      LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas

corpus filed by a state prisoner:

> (d)      An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim—
>        (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
>        (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481

(1997).   Relief is authorized if a state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case differently than the Supreme

Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct.

1495, 1523, 1518, 146 L.Ed.2d 389 (2000).  Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination.  *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Mere disagreement with the state court is not enough:  The standard is one of objective reasonableness.  *Montoya*, 226 F.3d at 404.  In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence.  28 U.S.C. §2254(e)(1).

G.    DISCUSSION

   1.    Due Process

   Mighell contends that he has been denied due process because he was denied adequate notice of the mandatory supervision process and was not given an opportunity to ensure that the file reviewed by the Board was accurate and to clarify any adverse information before the Board made its decision.[1]  He asserts that the inadequate notice also prevented him from arranging for his fiancé, friends, family, and past or possible future employers to submit information in support of his release.

   The Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a constitutional expectancy of early release to eligible inmates. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir.2000).  Mighell, however, is subject to the revised statutory scheme that took effect September 1, 1996. *See generally* Tex. Gov't Code Ann. § 508.149 (Vernon

---

[1] The court rejects Mighell's contention that his transfer to a pre-release facility entitles him to the minimal due process requirements for a parole revocation hearing.  *See generally Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  His transfer to a facility as a preparatory act for release is not sufficiently similar to a person already at liberty on parole as to invoke the due process protections addressed in *Morrissey*.  *Cf. Young v. Harper*, 520 U.S. 143, 147-53, 117 S.Ct. 1148, 137 L.Ed.2d 270 (1996)(finding Oklahoma pre-parole program that entailed early release from prison, maintenance of an outside job, and periodic reporting requirements was sufficiently parole-like to entitle defendant to procedural due process protections in *Morrissey*).

2004). The Fifth Circuit has not yet ruled on whether a federal constitutional expectancy of early release exists under the revised statute, but the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App.2000). The state court has also determined that constitutional due process requires that an eligible inmate be provided timely notice of the month and year that he will be considered for mandatory supervision release and a meaningful opportunity to be heard. *See Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App.2004); *Ex parte Geiken*, 28 S.W.3d at 559-60. Further, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Geiken*, 28 S.W.3d at 560.

Mighell has been through the mandatory supervision review process on at least three occasions to date, but challenges only the first two decisions of the Board to deny him release to mandatory supervision.[2] The first notice of discretionary mandatory supervision review was generated on February 25, 2003 and advised Mighell that

> [b]efore your projected release date, the Board will review your file and all available records to determine if you will be released. Should you wish to submit any additional information, do so in writing as soon as possible.

*Ex parte Mighell*, Application No. 59,378-02 at 316-17 (Finding of Fact ¶3). The Board reviewed Mighell's case on September 8, 2003, denied his release to mandatory supervision, and set his next review date for September 2004. *Id.* (Finding of Fact ¶4). A second notice of discretionary review was generated and sent to Mighell on February 4, 2004, which advised him that he had been

> given a Next Review (NR) date of 09/01/2004. Within 4 months of your Next Review date, the Board will review your file and all available records to determine

---

[2] Mighell does not challenge the Board's determination in denying release. He challenges only the procedures used in the mandatory supervision review process. (Pet'r Memo. 11/1/2004 at 3).

> if you will be releases. Should you wish to submit any additional information, do so
> in writing before 05/2004.

*Id*. at 318 (Finding of Fact ¶6). The Board reviewed Mighell's case on June 29, 2004 and again voted to deny mandatory supervision release. Notice of the Board's decision and the reasons for the decision was forwarded to Mighell on July 5, 2004 with a next review date set for June 2005. *Id* . (Findings of Fact ¶¶7-8). Mighell received a third notice for review of mandatory supervision release that was generated and delivered to him in February 2005. The third notice advised Mighell that the Board would be reviewing his case

> within **30 days** of your Next Review Date. You were previously denied release to
> Mandatory Supervision and given a Next Review (NR) Date of **06/01/2005**. The
> Next Review Date constitutes your subsequent projected release date. Should you
> wish to submit any additional information, do so in writing **before 04/17/2005.**

*Id.* at 319 (Finding of Fact ¶9). On May 1, 2005, the Board voted to deny Mighell release to mandatory supervision and forwarded the reasons for denial to Mighell by written notice date May 6, 2005. *Id*. at 320 (Finding of Fact ¶¶11-12). He was given a next review date of May 2006.[3]

The state court found that the first notice sent to Mighell in 2003 was constitutionally inadequate because it advised Mighell that a review would occur at an unspecified time in the future and urged him to submit any materials "as soon as possible." *Id*. at 324 (Conclusion of Law ¶5). The state court, however, found that each of the subsequent notices advising Mighell that his case was coming up for review were constitutionally adequate because each notified Mighell of a specific block of time within which his case would be reviewed and gave him at least thirty days within which to submit supporting materials. *Id*. at 324-25 (Conclusions of Law ¶¶8, 11, 14). Accordingly,

---

[3] The state trial court noted that a fourth notice of mandatory supervision review was generated in January 2006 advising Mighell of another upcoming review date and offering him the opportunity to submit any additional information by March 17, 2006. That notice was scheduled to be delivered to Mighell before February 16, 2006. *Ex parte Mighell*, Application No. 59,378-02 at 321 (Finding of Fact ¶13).

the state court concluded that Mighell was not being illegally confined despite the first constitutionally inadequate notice. *Id.* at 326 (Conclusion of Law ¶16).

Mighell fails to rebut the state court's findings of fact with clear and convincing evidence and further fails to demonstrate that he is entitled to federal habeas relief. The core of federal procedural due process is the right to notice and a meaningful opportunity to be heard. *LaChance v. Erickson*, 522 U.S. 262, 266, 118 S.Ct. 753, 756, 139 L.Ed.2d 695 (1998). Mighell was given advanced notice each time that the Board reviewed his case, he was invited to submit information well ahead of the date the Board reviewed his case, and the Board advised him of the statutory reasons for denying his release to mandatory supervision, which afforded him with all process due under the circumstances. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 2108, 60 L.Ed.2d 668 (1979). And as the state court observed, even if the first notice Mighell received was not sufficiently specific, Mighell's continued incarceration is the result of later mandatory supervision review proceedings that comply with due process, including the more specific requirements dictated by the Texas Court of Criminal Appeals.[4]

Moreover, to establish a denial of procedural due process, Mighell must show substantial prejudice. *See Davis v. Mann*, 882 F.2d 967, 975 (5th Cir. 1989); *Keough v. Tate County Bd. of Educ.*, 748 F.2d 1077, 1083 (5th Cir. 1984). Despite his protests that he was denied sufficient notice and an opportunity to present favorable information to the Board, he did not produce any information in the state court proceedings that he intended to submit in support of his release to

---

[4] Mighell also complains that his fiancé, who holds a power of attorney, was not allowed to review his file. The Fifth Circuit has held that the refusal of a parole board to allow an inmate to examine his file does not assume the proportions of a deprivation of his rights under the Constitution or the laws of the United States. *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974), *cited in Jackson v. Reese* 608 F.2d 159, 160 (5th Cir. 1979).

mandatory supervision if given the opportunity, nor does he submit that evidence in the present proceedings.  He makes no showing that any lack of notice prevented him or others acting on his behalf from submitting information that was material to or might have changed the Board's decision. Without a showing of prejudice attributable to the alleged procedural defect, no relief is warranted.

Mighell has not shown that the state court's denial of habeas relief is contrary to or involves an unreasonable application of clearly established federal law, nor does the state court's decision appear to be based on an unreasonable determination of the facts in light of the evidence presented during the state habeas proceedings.  Mighell has not shown a denial of procedural due process that would entitled him to the relief he seeks.

2.      Time Credits

Mighell complains of double jeopardy because he has served more than 100% of his sentence when the actual calendar time he has served is added to his accrued good conduct time and work time.  He also asserts  that the Board, in denying his release to mandatory supervision, has denied him credit for his work while incarcerated and resulted in "slave labor" in violation of the Thirteenth Amendment.

Mighell has not demonstrated that he has been deprived of a right secured to him by the United States Constitution or the laws of the United States so as to entitle him to federal habeas corpus relief.  *See generally* 28 U.S.C. §§ 2241(c), 2254(a).  The denial of mandatory supervision release does not implicate double jeopardy. As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate.  *See Ex parte Hallmark,*

883 S.W.2d 672, 674 (Tex.Crim.App.1994); Tex. Gov't Code Ann. § 498.003(a) (Vernon 2004). Consequently, any good or work time Mighell has accrued does not discharge any part of his six-year sentence. It is well-established that a convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998).  Mighell's six-year sentence expires in April 2007. (Plf. Orig. Pet., Ex. G).  Accordingly, and as the state court found, Mighell is not entitled to release from custody because he has not discharged his original sentence. *Ex parte Mighell*, Application No. 59,378-02 at 326 (Conclusions of Law ¶¶19-20)   He has stated no double jeopardy violation.

Moreover, the state court found no due process violation with respect to Mighell's complaints that his good conduct time has been taken away or rendered worthless because Texas law authorizes the Board to deny release to mandatory supervision even if an inmate's flat time and good conduct time (including work time) add up to more than the term of his sentence. *Ex parte Mighell*, Application No. 59,378-02 at 327 (Conclusions of Law ¶¶21-22).  The state court noted that the accrued good conduct time could still be important in any future review of Mighell's release to mandatory supervision. *Id*.  Mighell has not demonstrated that the state court made an unreasonable determination based on the available facts or reached a decision that is contrary to or an unreasonable application of federal law.  Moreover, Mighell's argument that his good conduct time or work credits have been taken away is not supported by the record, which indicates that none of those credits have been forfeited. *Ex parte Mighell*, Application No. 59,378-02 at 322 (Findings of Fact ¶¶17-19).

Mighell's additional allegation of involuntary servitude is frivolous. The Thirteenth Amendment provides:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

U.S. CONST. amend. XIII.   The Constitution does not forbid an inmate from being required to work without pay or compensation. *See Ali v. Johnson*, 259 F.3d 317, 318(5th Cir. 2001). *See also Wendt v. Lynaugh*, 841 F.2d 619 (5th Cir. 1988)(dismissing as frivolous prisoner's civil rights claim that he was forced to work without pay while in prison). Mighell has been duly convicted and sentenced by the state trial court, and has not yet served his full sentence.   He states no cognizable violation of the Thirteenth Amendment, and the state court's finding of no violation is not contrary to or an unreasonable application of federal law. *See Ex parte Mighell*, Application No. 59,378-02 at 326 (Conclusions of Law ¶¶17-18).

## RECOMMENDATION

Mighell's petition for writ of habeas corpus and his amended petition for writ of habeas corpus should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document.   The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings,

conclusions and recommendation until December 29, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until December 29, 2006 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED DECEMBER 8, 2006.


_____/s/ Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

11